UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SUZANNE COWAN | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-437 |
| | § | |
| SENTRY INSURANCE A MUTUAL | § | |
| COMPANY | § | |
|     Defendant. | § | |

## NOTICE OF REMOVAL

Defendant, Sentry Insurance A Mutual Company ("Sentry"), files this Notice of the Removal of this case from the 352nd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1441 and 1446(b), and would show the Court as follows:

1.

Sentry is the Defendant in Cause No. 352-291813-17, entitled "Suzanne Cowan v. Sentry Insurance A Mutual Company", currently pending in the 352nd Judicial District Court of Tarrant County, Texas. That lawsuit was originally filed on April 28, 2017 in the 352nd Judicial District Court of Tarrant County, Texas.

2.

On May 9, 2017, Sentry first learned of Plaintiff's lawsuit, when a copy of Plaintiff's lawsuit and citation were formally served by process server on that date on Sentry's registered agent for service of process, CT Corporation. Sentry is filing this notice timely under 28 U.S.C. § 1446(b), as it is being filed within thirty days from when the lawsuit was served on Sentry.

3.

At the date of commencement of this action and at all pertinent times, Plaintiff is a citizen of the State of Texas, being a resident of and domiciled in the State of Texas. At all times relevant herein, Sentry is a citizen of the State of Wisconsin, being an insurance company incorporated in the State of Wisconsin, and having its principal place of business in the State of Wisconsin.

4.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Sentry, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states. That the necessary amount in controversy is met is illustrated by Paragraph 4 of Plaintiff's Original Petition, where Plaintiff states she seeks monetary relief against Sentry in an amount over $1,000,000.

5.

Copies of all the pleadings which have been filed in this action to date, and which are attached as Exhibit "A", include the following:

a. Plaintiff's Original Petition;

b. Citation served on Sentry; and

c. Certified Copy of state court docket sheet.

To the best of Sentry's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.

Wherefore, Defendant, Sentry Insurance A Mutual Company, prays that this action be removed to this Court from the 352nd Judicial District Court of Tarrant County, Texas, and for

further proceedings as may be necessary.

                        Respectfully submitted,

                        /S/Russell J. Bowman
                        Russell J. Bowman
                        Texas State Bar No. 02751550
                        800 West Airport Freeway, Suite 860
                        Irving, Texas 75062
                        (214) 922-0220
                        (214) 922-0225 (FAX)
                        E-Mail: russelljbowman@sbcglobal.net
                        ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon the following, as indicated below, on this the 29th day of May, 2017:

Mr. Preston J. Dugas III                         VIA E-MAIL: preston@pjdlawfirm.com
Preston Dugas Law Firm, PLLC
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102

                        /S/Russell J. Bowman
                        Russell J. Bowman

# EXHIBIT A

FILED
TARRANT COUNTY
4/28/2017 4:27:09 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 352-291813-17

| | | |
|---|---|---|
| SUZANNE COWAN<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| vs. | §<br>§ | _____ JUDICIAL DISTRICT |
| SENTRY INSURANCE A MUTUAL COMPANY<br>Defendant. | §<br>§<br>§ | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**SUZANNE COWAN**, Plaintiff herein, files this her Original Petition against Defendant, **SENTRY INSURANCE A MUTUAL COMPANY**, and, in support of her causes of action, would respectfully show the Court the following:

### I. PARTIES

1. Plaintiff owns Alpha Graphics which form the basis of this suit and which is located at 5836 Camp Bowie Boulevard, Fort Worth, Tarrant County, Texas 76107. The property will be referred to as "Alpha Graphics" throughout this petition.

2. **SENTRY INSURANCE A MUTUAL COMPANY** ("Sentry") is a foreign entity authorized to engage in the insurance business in the State of Texas, and may be served by serving its Registered Agent for Service of Process, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Service is requested by certified mail, return receipt requested at this time.

### II. DISCOVERY

3. Plaintiff intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.4.

## III. CLAIM FOR RELIEF

4. Plaintiff does not wish to impose any limit on what she may present to the jury or what the jury may consider as a range of damages in this case; however, she makes the following representation in compliance with Tex. R. Civ. P. 47(c) to aid in the efficient court administration. Plaintiff believes that the most reasonable option afforded under Tex. R. Civ. P. 47, at this time, prior to the completion of discovery in the case, is to seek monetary relief in excess of $1,000,000, exclusive of interest and costs, which is the only option that does not require Plaintiff to select a speculative, arbitrary cap on its damages. Plaintiff reserves the right to modify or adjust this statement, as the litigation progresses and additional evidence is compiled. Regardless of what Plaintiff must state for administrative purposes as the amount of damages it seeks pursuant to Tex. R. Civ. P. 47(c), it desires to leave the final determination of damages, if any, to the sole province of the jury, based upon the credible evidence presented to the jury at trial.

## IV. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Tarrant County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V. FACTUAL BACKGROUND

7. Plaintiff is the owner of a commercial building located 5836 Camp Bowie Boulevard, Fort Worth, Texas 76107in Tarrant County, Texas (herein referred to as the "Property").

8. On or about February 18, 2016, Defendant issued a commercial property insurance policy that provides insurance coverage on the Property naming Plaintiff as the insured (herein referred to as the "Insurance Policy").

9. On or about March 17, 2016, a massive hail storm hit Tarrant County, Texas, significantly damaging Plaintiff's Property and many other properties in Tarrant County. The National Center

For Environmental Information has estimated over 600 million in property damage as a result of the storm.

10.     Subsequently, Plaintiff filed a claim on her Insurance Policy.

11.     Defendant assigned Claim Representative Eric Dombrowski to evaluate the damages.

12.     Upon information and belief, Mr. Dombrowski visited the Property on or about March 24, 2016 and performed an inspection.

13.     Mr. Dombrowski then wrote an outcome oriented report and despite finding roof and gutter damage caused by hail, Mr. Dombrowski on behalf of Sentry only agreed to minimal repairs. Furthermore, Mr. Dombrowski's own photographs taken of the Property and collateral items such as the air conditioning units show obvious signs of hail damage.

14.     Mr. Dombrowski and Sentry then hired, Richard Prusha an engineer with EFI Global to inspect the property. Mr. Prusha visited the property and found hail damage to the "eave and parapet wall of the roof."

15.     Mr. Dombrowski and Sentry then hired yet another engineer, Louis DeJesus to perform a repair scope investigation based on the findings of Mr. Prusha. Mr. DeJesus rendered an outcome oriented opinion that the roof could be repaired. Plaintiff was never given an explanation as to why Mr. Prusha, a licensed engineer, could not opine on the reparability of the roof in conjunction with his findings. However, based on Mr. DeJesus' outcome oriented opinion, a repair estimate was provided by Sharp Construction on behalf of Sentry.

16.     In January 2017, after ten months of working with Sentry to resolve her claims, Plaintiff exhausted from the process, hired Roy Young with YPA Public Adjusters to assist with the claim.

17.     Shortly thereafter, on or about February 14, 2017, Mr. Young on behalf of Plaintiff served Sentry with correspondence invoking the appraisal provision within the policy.

18.     In response, Sentry hired an attorney, Russell Bowman, to represent it.

19.     On or about March 27, 2017, almost 45 days after Plaintiff invoked appraisal, Mr. Bowman sent a detailed letter to Plaintiff completely ignoring her request for appraisal and requested, for

the first time in now over a year since the claim was reported, that: (1) Plaintiff give her examination under oath, (2) Plaintiff sign an authorization allowing Sentry to obtain documents related to a previous claim that Plaintiff allegedly made, (3) Plaintiff produce numerous other documents and (4) Plaintiff make the Property available for yet another inspection. These requests are well beyond what's required in the Insurance Policy and are merely tactics to continue to delay and deny the claim.

20. Mr. Bowman's March 27 letter referenced-above was not served on Mr. Young. In fact, in an email to Mr. Young, Mr. Bowman refused to communicate directly with Mr. Young despite clear statutory authority allowing Mr. Young to act on behalf of Plaintiff in negotiating for or effectuating a settlement of the claim. Mr. Bowman claimed that doing so would only "risk aiding and abetting [Mr. Young] in the unauthorized practice of law, something of which [he is] not going to risk [his] law license to do." Further, Mr. Bowman refused to acknowledge the appraisal process until "the items requested in [the March 27 letter] have been provided, including Ms. Cowan submitting to and completing the examination under oath requirement of her insurance contract."

21. Because of Mr. Bowman's refusal to communicate with Mr. Young, a representative of Plaintiff and a claims expert, Plaintiff was forced to hire PJD Law Firm, PLLC to represent her.

22. Sentry along with Mr. Dombrowski and their paid engineers conducted a substandard investigation and inspection of the property, prepared a report that failed to include all damages that were noted during the inspection, undervalued the damages observed during the inspection, unreasonably delayed its evaluation of the claim and undertook bullying tactics to remove Plaintiff's public adjuster from the process.

23. Sentry along with Mr. Dombrowski and their hired engineer's unreasonable investigation and delay of this claim led to the underpayment and/or no payment of Plaintiff's claim.

24. Moreover, Sentry, Mr. Dombrowski and their hired engineers performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

Case 4:17-cv-00437-O-BP   Document 1   Filed 05/29/17   Page 9 of 16   PageID 9

## VI. CAUSES OF ACTION

25. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

26. Defendant had a contract of insurance with Plaintiff. Defendant breached the terms of that contract by refusing to go through the appraisal process and wrongfully denying and/or underpaying the claims. As a result, Plaintiff was damaged.

### B. Prompt Payment of Claims Statute

27. The failure of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 et seq. of the Texas Insurance Code.

28. Plaintiff, therefore, in addition to Plaintiff's claim for damages is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

### C. Bad Faith/DTPA

29. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

30. Defendant violated § 541.051 of the Texas Insurance Code by:

    (1) making statements misrepresenting the terms and/or benefits of the policy.

31. Defendant violated § 541.060 by:

    (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3) failing to promptly provide Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

32. Defendant violated § 541.061 by:

Plaintiff's Original Petition — Page 5

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)    making a material misstatement of law; and

    (5)    failing to disclose a matter required by law to be disclosed.

33.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

34.    Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

    (1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)    Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3)    Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

35.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### D.    Attorneys' Fees

36.    Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

37.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Plaintiff is represented by an attorney,

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

38. Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to Sections 541.152 of the Texas Insurance Code.

## VII.   CONDITIONS PRECEDENT

39. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.   DEMAND FOR JURY

40. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.   DISCOVERY REQUESTS

41. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, she recovers all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

**PRESTON DUGAS LAW FIRM, PLLC**
309 W. 7th Street, Suite 1100
Fort Worth, Texas 76102
Telephone:    (817) 945-3061
Facsimile:    (682) 219.0761
Email: preston@pjdlawfirm.com


By:*/s/Preston J. Dugas III*
PRESTON J. DUGAS III
State Bar No. 24050189

**ATTORNEY FOR PLAINTIFF**

Cause Number 352-291813-17

SUZANNE COWAN                                    SENTRY INSURANCE A MUTUAL
                                    VS                    COMPANY

## OFFICER'S RETURN

Received this  Citation By Certified Mail  on the 2nd day of May, 2017  at 9:22 AM ; and executed at
B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS TX 75201 3136

within the county of _____ State of TX on the 9th day of May, 2017  by mailing to
the within named  SENTRY INSURANCE A MUTUAL COMPANY  a true copy of this  Citation By Certified Mail
together with the accompanying copy of:
PLAINTIFF'S ORIGINAL PETITION

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402
County of Tarrant, State of Texas

By 

Fees $ 75.00           EMMA SMITH

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)                      _____
                            County of Tarrant, State of Texas

*3522918131700005*

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**ORIGINAL**

## CITATION

*Cause No. 352-291813-17*

SUZANNE COWAN

VS.

SENTRY INSURANCE A MUTUAL COMPANY

TO: SENTRY INSURANCE A MUTUAL COMPANY

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS TX 75201-3

*[FILED 2017 MAY 10 AM 9:20 THOMAS A. WILDER DISTRICT CLERK TARRANT COUNTY]*

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 352nd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

SUZANNE COWAN

Filed in said Court on April 28th, 2017 Against
SENTRY INSURANCE A MUTUAL COMPANY

For suit, said suit being numbered 352-291813-17 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION a copy of which accompanies this citation.

---

PRESTON J DUGAS, III
Attorney for SUZANNE COWAN Phone No. (817)945-3061
Address    309 W 7TH ST STE 1100 FORT WORTH, TX 76102

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and seal of said Court, at office in the City of Fort Worth, this the 2nd day of May, 2017.

By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN -*35229181317000005*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION having first endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, _____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

7015 0640 0002 0984 5382

## CITATION

Cause No. 352-291813-17

SUZANNE COWAN

VS.

SENTRY INSURANCE A MUTUAL COMPANY

ISSUED

This 2nd day of May, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By _____ANTHONY FERRARA_ Deputy



PRESTON J DUGAS, III
Attorney for: SUZANNE COWAN
Phone No. (817)945-3061
ADDRESS: 309 W 7TH ST STE 1100

FORT WORTH, TX 76102

## CIVIL LAW



*35229181317000005*

ORIGINAL



5/17/17

**Civil Docket**   Discovery: 3   **352-291813-17**

Cause Of Action: CONTRACT, CONSUMER/DTPA

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed 04/28/2017 | SUZANNE COWAN | DUGAS, PRESTON J, III<br>309 W 7TH ST STE 1100 |
| Jury Fee $ | vs. | FORT WORTH, TX 76102<br>BarID: 24050189TX   Ph (817)945-3061   PLTF<br>Fax Ph (817)335-1603<br>PRESTON DUGAS LAW FIRM PLLC<br>PRESTON@PRESTONDUGASLAWFIRM.COM |
| Paid By | SENTRY INSURANCE A MUTUAL COMPANY | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|

A CERTIFIED COPY

ATTEST: May 26, 2017

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _____
DEPUTY
JULIE MARTINEZ

352-291813-17