IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SUZANNE COWAN, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 4:17-cv-00437-O-BP |
| SENTRY INSURANCE A MUTUAL COMPANY, | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion to Abate Lawsuit (ECF No. 4), Appendix in Support (ECF No. 5), and Brief in Support (ECF No. 6), all filed June 1, 2017; Plaintiff's Response to Defendant's Motion to Abate Lawsuit (ECF No. 11), Brief in Support (ECF No. 12), and Appendix in Support (ECF No. 13), all filed June 30, 2017; and Defendant's Reply Brief in Support of Defendant's Motion to Abate Lawsuit (ECF No. 16), filed July 14, 2017. After reviewing the pleadings and applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendant's Motion to Abate Lawsuit (ECF No. 4).

**I.   BACKGROUND**

Plaintiff Suzanne Cowan ("Cowan") sued Defendant Sentry Insurance a Mutual Company ("Sentry") for breach of contract and DTPA violations based on an insurance coverage dispute in the 352nd Judicial District Court of Tarrant County, Texas on April 28, 2017. ECF No. 1. Sentry removed the instant action on May 29, 2017 based on diversity of citizenship jurisdiction. *Id.* Thereafter, Sentry filed its Motion to Abate Lawsuit (ECF No. 4), arguing that, pursuant to the

terms of the insurance contract between the parties, this case should be abated until Cowan has submitted to an examination under oath and provided the documents requested by Sentry's counsel in his March 27, 2017 letter. ECF No. 4 at 2; ECF No. 6 at 2-6, 9. Sentry also submits that because Cowan demanded an appraisal, this case should be abated until after the appraisal proceeding has concluded, which will likely dispose of all claims alleged in Cowan's Original Petition. ECF No. 4 at 2-3; ECF No. 6 at 6-9. Cowan filed her Response, in which she argues that Sentry has not shown any prejudice or harm in obtaining the information it seeks through a deposition or written discovery requests and that Cowan's extra-contractual claims are separate and independent from her breach of contract claim. ECF No. 11 at 2; ECF No. 12. Cowan also requests that if the Court abates the lawsuit and allows Sentry to take Cowan's examination under oath, Sentry's examination should be strictly limited to the issue regarding the outside signage on Cowan's property. ECF No. 12 at 6. Sentry filed its Reply and stated its opposition to Cowan's requested limitation of the scope of her examination under oath. ECF No. 16.

## II.   LEGAL STANDARDS

### A.   Motion to Abate

There is no specific federal statute or rule which expressly authorizes a motion to abate. *PJC Bros., LLC v. S&S Claims Serv., Inc.*, 267 F.R.D. 199, 200 n.2 (S.D. Tex. 2010) (citation omitted). Thus, "[w]hile federal courts have authority to entertain such preliminary motions, the decision to do so is largely a matter of judicial discretion, 'which must be exercised in light of the policy against unnecessary dilatory motions.'" *Id.* (quoting 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1360 (3d ed.)) (citing 28 U.S.C. § 2105).

**B.** *Erie* **Doctrine**

Cowan's claims do not invoke a federal question. Therefore, the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

**III. ANALYSIS**

Sentry seeks to abate this lawsuit until Cowan has completed an examination under oath, produced all documents requested by Sentry's counsel, and allowed the appraisal proceedings she requested to conclude. *See* ECF Nos. 4, 6. Sentry's Motion is based on the language of the "Loss Provisions," "Legal Action Against Us," and "Appraisal" provisions of Cowan's insurance policy. The provisions state, in pertinent part,

> **E.     Loss Conditions**
> The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:
> 3.     Duties in the Event of Loss or Damage
> a. You must see the following are done in the event of loss or damage to Covered Property: . . .
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and inspect your books and records.
> . . .
> b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

. . .

**B.      LEGAL ACTION AGAINST US**
a. Except as provided in paragraph b., no one may bring a legal action against us under this Coverage Part unless:
(1) There has been full compliance with all the terms of this Coverage Part; and
(2) The action is brought within two years and one day from the date the cause of action first accrues. . . .

. . .

**APPRAISAL**
If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. Each appraiser will state the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding as to the amount of loss. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal:
a. You will still retain your right to bring a legal action against us, subject to the provisions of the Legal Action Against Us Commercial Property Condition; and
b. We will still maintain our right to deny the claim.

ECF No. 6 at 3-5.

"Under Texas law, '[i]nsurance policy provisions requiring an insured to submit to an examination under oath as a condition precedent to sustaining a suit on the policy are valid.'" *Brown v. State Farm Lloyds*, No. CIV.A. V-10-63, 2012 WL 1077668, at *3 (S.D. Tex. Mar. 29, 2012) (collecting cases). The same is true with respect to express policy provisions requiring the insured to furnish requested documents and "No Action" clauses, like the "Legal Actions Against Us" provision contained in Cowan's policy. *Id.* (collecting cases). Cowan's argument that Sentry may seek the same relief through discovery is unavailing. "'Where an insured fails to comply with

a condition precedent requiring the insured to submit to an examination under oath, the remedy is abatement of the case.'" *Id.* (quoting *In re Cypress Texas Lloyds*, 2011 WL 3631970, *9 (Tex. App.—Corpus Christi Aug. 15, 2011, no pet.)); *see also Gutierrez v. Geovera Specialty Ins. Co.*, No. CV H-12-3696, 2013 WL 12139381, at *2 (S.D. Tex. Feb. 20, 2013); *Wofford v. Allstate Ins. Co.*, No. CIV.A. 304CV2699-M, 2005 WL 755761, at *3 (N.D. Tex. Apr. 4, 2005).

"[W]here an insurance policy contains a 'Suit Against Us' provision like the one here, '[t]he insurer's proper remedy to enforce the condition precedent is abatement rather than bar." *Id.* (quoting *State Farm General Ins. Co. v. Lawlis*, 773 S.W.2d 948, 949 (Tex. App.—Beaumont 1989, no writ)). Courts that have construed similar "Appraisal" and "Legal Action Against Us" clauses have held that together, the clauses are "'clear and unambiguous' in entitling the insurer 'to have the appraisal procedure followed and the underlying suit abated until the completion of that procedure.'" *Johnson v. Liberty Mut. Fire Ins. Co.*, No. 4:14-CV-604, 2015 WL 11170153, at *2 (E.D. Tex. Oct. 30, 2015) (quoting *Butler v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-3613, 2011 WL 2174965 (S.D. Tex. June 3, 2011)) (internal citations omitted); *see James v. Prop. & Cas. Ins. Co. of Hartford*, No. CIV.A. H-10-1998, 2011 WL 4067880, at *3 (S.D. Tex. Sept. 12, 2011) ("Abatement of the entire case pending appraisal is therefore appropriate and in the interest of the efficient and inexpensive administration of justice."); *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009) ("[A]ppraisal is intended to take place before suit is filed; this Court and others have held it is a condition precedent to suit.").

Although Cowan argues that she should be entitled to pursue discovery on extra-contractual claims, "the determination of whether there was a breach of contract has bearing on the validity of the extra-contractual claims." *Id.* at *3. And the Texas Supreme Court has held that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the

5

insurer breached the contract." *Liberty Nat. Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). Thus, abatement of the instant proceeding is appropriate.

The undersigned RECOMMENDS that Judge O'Connor DENY Cowan's request that the Court strictly limit the scope of her examination under oath and production of documents to potential fraud issues related to the signage claim. *See* ECF No. 6 at 11. Cowan has cited no legal authority in support of her limitation request, and the undersigned has found none.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendant's Motion to Abate Lawsuit (ECF No. 4) and abate this case until such time as Cowan submits to an examination under oath, Cowan provides the documents requested by Sentry's counsel, and the parties complete the appraisal process provided for in the insurance policy. The parties should be ordered to file a joint status report every sixty (60) days informing the Court of the status of the completion of these requirements.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed July 19, 2017.

                                                _____
                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE